UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CRAIG W.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C20-437-BAT

**ORDER REVERSING THE COMMISSIONER AND REMANDING FOR FURTHER PROCEEDINGS**

Plaintiff claims he became on June 6, 2011. Plaintiff appeals the ALJ's decision rejecting this claim and instead finding he became disabled after March 28, 2018. The ALJ found obesity, osteoarthritis of the left ankle, tasal coalition, PTSD, bipolar and related disorders, antisocial personality disorder, panic disorder and anxiety are severe impairments; these impairments fail to meet or equal the requirements of a Listed Impairment; plaintiff has the residual functional capacity (RFC) to perform light work with other mental limitations; and plaintiff cannot perform past relevant work. The ALJ determined plaintiff was not disabled before March 28, 2018, but after that date he became disabled due to a change of age category. Tr. 36-48.

Plaintiff contends the ALJ erred by failing to evaluate certain conditions at step two; rejecting his testimony; making a RFC determination not accounting for all limitations; and failing to make sufficient step five findings. Dkt. 22. For the reasons below, the Court

REVERSES the Commissioner's final decision and REMANDS the matter for further

administrative proceedings under sentence four of 42 U.S.C. § 405(g).

### A.  Step Two

At step two, plaintiff has the burden to show (1) he has a medically determinable

impairment or combination of impairments and (2) the impairment or combination of

impairments is severe. *See Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). An impairment is

medically determinable if it results from anatomical, physiological, or psychological

abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic

techniques. 20 C.F.R. § 404.1508. To be medically determinable, a physical or mental

impairment must be established by medical evidence consisting of signs, symptoms, and

laboratory findings. *Id.* On the other hand, symptoms are the claimant's own descriptions of his

physical or mental impairment. 20 C.F.R. § 404.1528(a). A claimant's statement of symptoms

alone is not enough to establish a physical or mental impairment. 20 C.F.R. § 404.1508,

404.1528(a).

Plaintiff contends at step two, the ALJ erred by failing to provide an evaluation of the

severity of diabetes, and degenerative joint disease of lumbar spine, olecranon bursitis and

bilateral knees, and that these conditions "significantly limit his physical and mental abilities to

do basic work activities." Dkt. 22 at 4-5. The record does not support the contention. The ALJ's

decision specifically acknowledged plaintifif suffers from trace multilevel retolisthesis of the

lumbar spine, mild acromioclavicular and glenohumeral joint degeneration, small joint knee

effusion with early mild degenerative joint disease, diabetes mellitus with peripheral

polyneuropathy and sleep problems. Tr. 39. The ALJ found diagnostic imaging of plaintiff's

lumbar spine showed "only trace multilevel retrolisthesis" and "there are generally no major

1    finding concerning the lower back in the record." *Id.* The ALJ noted imaging revealed relatively

2    mild findings concerning plaintiff knees and despite reports of sharp pain in the right knee with

3    movement, examination revealed full range of moiton and minimal patellar crepitance. *Id.*

4    Regarding Diabetes, the ALJ noted plaintiff started on medication and his HgAlc level remained

5    at 6 percent or lower. In 2015, plaintiff stated he had tingling in the left hand and both feet but in

6    December of that year "stated he was doing well managing his diabetes." *Id.* In October 2016 a

7    treatment note indicated plaintiff had symptoms of neuropathy but the symptoms improved later

8    in the year. *Id.*

9           The record thus establishes the ALJ acknowledged and discussed plaintiff's spine

10   problems, knee problems, degenerative processes, and diabetes, contrary to plaintiff's claim she

11   did not. Plaintiff's claim the ALJ did not evaluate these conditions accordingly fails. Plaintiff

12   also argues the "objective evidence" shows abnormal neurological symptoms; decreased range of

13   motion; left knee thinning of the medial compartment articular cartilage; ankle mild thinning of

14   the talonavicular articulation on the frontal projection; Dr. Parlatore's observation plaintiff had

15   difficulty sitting; tenderness and moderate swelling of the left hand and elbow; the need for knee

16   braces; and the addition of lithium for mental health symptoms. Dkt. 22 at 5.

17          Plaintiff has the burden to show the ALJ erred and a recitation of the findings that the

18   ALJ found not disabling or findings of record fails to establish how or why the ALJ erred. A

19   claim unsupported by explanation or authority, may be deemed waived. *See Northwest*

20   *Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 923-24 (9th Cir.1996); *Molina v.*

21   *Astrue*, 674 F.3d 1104, 1111 (9th  Cir. 2012) (Plaintiff bears burden of showing harmful error).

22          Additionally, the ALJ touched upon the limitations flowing from the conditions above in

23   determining plaintiff's RFC. Thus, even if the ALJ erred by failing to find the conditions severe

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR
FURTHER PROCEEDINGS - 3

at step two, the error is harmless because the ALJ considered the symptoms of the conditions in determining plaintiff's RFC.

### B. Residual Functional Capacity

Plaintiff's argument that the ALJ's RFC determination is erroneous amounts to a challenge of the ALJ's evaluation of the medical evidence. Dkt. 22. Plaintiff raises the following arguments in his opening brief: "The ALJ minimized the symptoms of [plaintiff's] severe and nonsevere physical and mental impairments and did not consider them in combination"; "the ALJ did not include limitations for [plaintiff's] mental health conditions, she did not provide limitations for absences or off task time"; and "The RFC did not specifically address all the functional limitations such as sit, push pull, reach, handle, and finger.  There were no environmental limitations or hazards discussed." Dkt. 12 at 5.

These are conclusory statements. Plaintiff's disagreement with the ALJ's findings do not alone establish error. The Court cannot play an advocacy role and set forth an argument establishing error when none is made by the party bearing the burden of establishing harm. Because plaintiff has failed to meet his burden the Court has been presented with no basis to find the ALJ's RFC findings are based upon legal error or are not supported by substantial evidence. *See Trevizo v. Berryhill*, 871 F.3d 664, 674 (9th Cir. 2017) (Court reverse the commissioner only if the ALJ's decision is based on legal error or not supported by substantial evidence in the record as a whole).

### C. Plaintiff's Testimony

The ALJ did not find malingering and thus was required to making specific findings stating clear and convincing reasons supported by substantial evidence to reject plaintiff's testimony. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 (9th Cir. 1996). Plaintiff contends the ALJ

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR
FURTHER PROCEEDINGS - 4

1    erred by failing to provide clear and convincing reasons to discount his testimony. Dkt. 12 at 8.

2    Instead, plaintiff argues "the ALJ provides a summary of the objective evidence but does not

3    provide any specific reasons for rejecting [plaintiff's] testimony. *Id.* Plaintiff also contends,

4    contrary to the ALJ's findings, the record supports his testimony as there was an "abnormal

5    sensory exam with the inability to feel Tr. 890"; the ALJ identified no daily activities

6    contradicting plaintiff's testimony; an "MRI February 27, 2017 showed talonavicular and

7    subtalar osteoarthritis with adjacent marrow edema; small partial thickness tears of the distal

8    Achilles tendon; and mild medial and lateral flexor tenosynovitis." *Id.*

9          Plaintiff testified about both physical limitions and mental health limitations. In

10   determining plaintiff's physical RFC, the ALJ noted plaintiff's testimony of "worsening

11   symptoms affecting the ankles, knees and lower back; the need for surgery for the left ankle and

12   two knee braces; the need for a sling on the left elbow when it swelled; troubles maintaining

13   personal hygiene; and the need to have help with groceries and someone to take him to the store

14   and doctor's appointments. Tr. 42. The ALJ found the evidence of reocrd "is partially consistent"

15   with plaintiff's testimony about the severity of his symptoms. Tr. 43. The ALJ discussed the care

16   provided by David Schilling, M.D. and his findings regarding pain and swelling of the ankle,

17   intact lower extremity sensation, reflexes and normal range of motion, spurring involving the

18   talonavicular and subtalar joints, small tears of the distal Achilles tendon and mild medial and

19   lateral flexor tensosynovitis. Tr. 43.

20         The ALJ found "the foregoing diagnostic studies [of Dr. Schilling] support the claimant's

21   left ankle complaints to some extent and justify llimiting him to kught with standing and walking

22   limited to four hours a day"; "the physical examinations however suggest that the symptoms are

23   not disabling and he could perform work within those limitaitons." *Id.* Plaintiff has not

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR
FURTHER PROCEEDINGS - 5

1    articulated reasons why the ALJ's determination of this evidence is erroneous. He disagrees with

2    the determination but his disagreement is insufficient to meet his burden of proof. Accordingly,

3    the Court will not disturb the ALJ's determination to discount plaintiff's testimony about his

4    physical limitations.

5           While the ALJ explained why she discounted plaintiff's testimony about his physical

6    limitations in assessing his RFC, she failed to discuss his testimony about his mental health

7    limitations. In order to properly determine plaintiff's RFC to work, the ALJ was required to

8    consider all of the relevant evidence as well as the combined effects of all of plaintiff's

9    impairments, even those not found to be severe. See 20 C.F.R. §§ 404.1545(a), 416.945(a) ("We

10   will consider all of your medically determinable impairments ... including your medically

11   determinable impairments that are not "severe" . . . when we assess your [RFC] . . . We will

12   assess your [RFC] based on all of the relevant medical and other evidence . . . We will consider

13   any statements about what you can still do that have been provided by medical sources, whether

14   or not they are based on formal medical examinations.").

15          The Commissioner does not claim the ALJ discussed plaintiff's testimony about mental

16   health limitatons as part of the RFC determination. Dkt. 25 at 6. Instead, the commissioner

17   defends the ALJ by pointing to the ALJ's step three findings about plaintiff's severe mental

18   impariments and how plaintiff told medical sources he did laundry, cooked and spent time with

19   friends. *Id.*

20          The ALJ did not provide any reasons to reject plaintiff's testimony about his mental

21   health limitations in determing his RFC. The commissioner's argument plaintiff's testimony was

22   properly discounted as inconsistent with his activities is thus an impermissible post hoc argument

23   upon which the court cannot rely. *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225 (9th Cir. 1995)

ORDER REVERSING THE COMMISSIONER AND REMANDING FOR
FURTHER PROCEEDINGS - 6

(The Court reviews the ALJ's decision "based on the reasoning and findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.").

The commissioner suggests the error is harmless because the ALJ discussed plaintiff's mental health limitations at step three, and the Court should consider the ALJ's decision as a whole. The suggestion is misguided. Step three and RFC determinations serve different functions, address different issues, and involve separate findings. If the claimant does not meet or equal the requirements of a Listed Impairment and is not found disabled at step three, the Commissioner must then assess the medical and other relevant evidence to determine the claimant's RFC to perform work-related activities, despite the limitations imposed by his severe impairment or combination of impairments. 20 CFR §§ 404.1520(e), 416.920(e); Social Security Ruling 96–8p, 1996 WL 374184 (July 2, 1996); *see also Keith K. Commissioner of Soc. Sec.*, 2019 WL 4889095 at * 3 (W.D. Wash. Oct. 3, 2019). .

"The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." Social Security Ruling 96–8p, 1996 WL 374184 (July 2, 1996). Ruling 96-8 further states:

> The adjudicator must remember that the limitations identified in the "paragraph B" and "paragraph C" criteria [ at step three] **are not an RFC assessment** but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF.

1   *Id.* (emphasis added).  Here in assessing plaintiff's RFC, the ALJ failed to address plaintiff's

2   testimony. The ALJ's step three findings are not a substitute as the commissioner suggests, and

3   the ALJ accordingly harmfully erred.

### CONCLUSION

4

5          For the foregoing reasons, the Court **REVERSES** the Commissioner's final decision and

6   **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. §

7   405(g). Plaintiff's appeal is limited to challenging the ALJ's determination that he is not disabled

8   before March 28, 2018. That is the sole issue before the Court and the remand order is thus

9   limited to that issue; all other aspects of the ALJ's decision, including the finding plaintiff is

10  disabled after March 28, 2018 shall be undisturbed. On remand, the ALJ shall, limited to the time

11  period prior to March 28, 2018, reassess plaintiff's testimony about this mental health conditions,

12  develop the record and redetermine plaintiff's RFC as necessary and proceed to the remaining

13  steps as appropriate.

14         DATED this 25th day of November, 2020.

15

16                                          BRIAN A. TSUCHIDA
17                                          United States Magistrate Judge

18

19

20

21

22

23